LAW OFFICES OF
# MICHAEL S. ROSS
ONE GRAND CENTRAL PLACE
60 EAST 42ND STREET
FORTY-SEVENTH FLOOR
NEW YORK, NY 10165

TELEPHONE
(212) 505-4060
FACSIMILE
(212) 505-4054
E-MAIL
michaelross@rosslaw.org

October 5, 2016

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y

★ OCT 1 2 2016 ★

BROOKLYN OFFICE

**BY FIRST CLASS MAIL**

Hon. Douglas C. Palmer
Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Scott B. Gilly – An Attorney Admitted To The Bar Of Your Court;
      Notice Of Suspension By The District Court For The
      Southern District Of New York.

Dear Mr. Palmer:

My firm represents Scott B. Gilly, an attorney previously admitted to practice law in the State of New York, who was also admitted to the Bar of the United States District Court Eastern District of New York on November 17, 1995.[1]  The purpose of this letter is to advise this Court that on September 12, 2016, the Committee on Grievances for the United States District Court for the Southern District of New York imposed a one-year suspension upon Mr. Gilly. (See copy of September 12, 2016 Opinion and Order attached hereto.)  Mr. Gilly has asked me to advise this Court that he has no objection to the imposition of reciprocal discipline upon him by this Court.

Respectfully submitted,

Michael S. Ross

Att.

_____

[1]Previously, Mr. Gilly was reciprocally suspended by this Court by Order dated March 19, 2013, based upon a February 5, 2013 Opinion and Order of the United States District Court for the Southern District of New York, which imposed a one-year suspension upon Mr. Gilly. This Court suspended Mr. Gilly upon the terms and conditions set forth in the February 5, 2013 Order of the Southern District Federal Court. Mr. Gilly was subsequently reinstated to practice before this Court by Order dated September 9, 2014, and entered on September 10, 2014.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
                                          :
In the Matter of                          :
                                          :
SCOTT B. GILLY.                           :          M-2-238
                                          :          **OPINION AND ORDER**
                                          :
                    Respondent.           :
-------------------------------------------------X

## BEFORE THE COMMITTEE ON GRIEVANCES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK[1]

This matter comes before the Committee on Grievances for the United States District Court for the Southern District of New York (the "Committee") to consider the imposition of discipline upon Respondent Scott B. Gilly, a member of the bar of this Court, for misconduct both in *Fryer v. Omnicom Media Group*, 09 Civ. 9514, and before the Committee in a prior disciplinary proceeding against him which resulted in a one-year term of suspension effective February 5, 2013 (the "2013 Disciplinary Proceeding"). In August 2014, after Respondent had already been reinstated to the roll of practicing attorneys of this Court, the Committee learned of new evidence indicating that Respondent intentionally lied to the Court in *Fryer* and to the Committee in connection with the 2013 Disciplinary Proceeding. The Committee directed Respondent to respond to the allegations. Respondent submitted a timely response, followed by a supplemental response after further inquiry from the Committee. Thereafter, the Committee issued an order to show cause and statement of charges, and Respondent submitted a timely affidavit in response.

---

[1] The members of the Committee are District Judges P. Kevin Castel, Chair; Katherine B. Forrest, Chair-Elect; Chief Judge Colleen McMahon; District Judges Katherine Polk Failla, Kenneth M. Karas, Louis L. Stanton, and Richard J. Sullivan; and Magistrate Judges James C. Francis and Judith C. McCarthy. Judge Castel is recused from this matter.

Based upon Respondent's affidavits submitted in response to the Committee's inquiries and order to show cause that do not dispute material facts relating to his conduct, the Committee finds that Respondent engaged in conduct that violates Rules 3.3 (conduct before a tribunal) and 8.4 (misconduct) of the New York Rules of Professional Conduct.

## BACKGROUND

On February 5, 2013, the Committee suspended Respondent for a term of one year (the "February 2013 Order"), based on a conclusion that he violated various provisions of the New York Rules of Professional Conduct, 22 NYCRR §§1200.1 *et seq.*, while a partner at the law firm then known as Thompson Wigdor & Gilly LLP. The facts underlying the 2013 Disciplinary Proceeding are set forth in the February 2013 Order of the Committee and need not be restated here. Briefly, the charges against Respondent arose out of his representation of the plaintiff in *Fryer v. Omnicom Media Group*, 09 Civ. 9514, an employment discrimination action that was litigated in the Southern District of New York before the Honorable William H. Pauley III, United States District Judge.

Respondent was charged with (1) instructing a junior associate, Gregory Filosa, to serve a false and misleading expert report on opposing counsel, and leveraging the false expert report in order to extract a favorable settlement; (2) ratifying Mr. Filosa's failure to timely produce documents requested by opposing counsel that pertained to their client's job search efforts and new job; and (3) misleading Judge Pauley as to these events. On the basis of Respondent's own admissions, the Committee imposed a one-year suspension for Respondent's actions *vis-à-vis* opposing counsel. In defending himself on the charge of lying to Judge Pauley, Respondent claimed several times in two declarations submitted to the Committee that his misstatements were inadvertent. The Committee ultimately did not impose discipline on the charge of lying to

2

the Court, and did not make any determination about whether Respondent's proffered explanations for his misstatements were credible or persuasive.

Upon the expiration of the one-year term of his suspension, Respondent applied for reinstatement to the Court, and he was reinstated to the roll of attorneys of the Court by Order of the Committee dated April 17, 2014. Shortly after Respondent's reinstatement, the Committee was put on notice by Respondent's former law partners, Kenneth P. Thompson and Douglas Wigdor, that they had recently discovered new evidence that Respondent had knowingly lied to Judge Pauley at the sanctions hearing, and that Respondent's after-the-fact explanations to Judge Pauley, which he repeated to the Committee in defending himself on the charge of lying to the Court, were false. In a letter dated December 2, 2014 (the "December 2014 Letter"), and a follow-up letter dated February 13, 2015 (the "February 2015 Letter"), the Committee directed Respondent to respond to the allegations. Respondent submitted an affidavit dated January 15, 2015 in response to the December 2014 Letter (the "January 2015 Affidavit"), and a supplemental affidavit dated March 5, 2015 in response to the February 2015 Letter (the "March 2015 Supplemental Affidavit"). In the January 2015 Affidavit and the March 2015 Supplemental Affidavit, Respondent disputes certain factual allegations in the complaint submitted by Mr. Thompson and Mr. Wigdor, but he largely concedes the offending conduct, *i.e.*, making false statements to Judge Pauley and this Committee. His position is that, at the time he made the false statements, he was unable to accept in his own mind the truth of what he had done and he was trying to rationalize away his misconduct.

Based on Respondent's admissions in the January 2015 Affidavit and the March 2015 Supplemental Affidavit, on February 19, 2016, the Committee issued an order to show cause and statement of charges, charging Respondent with violating Rules 3.3 and 8.4. On March 24,

3

2016, Respondent submitted an affidavit admitting to each of the factual allegations and each of the four charges (the "March 2016 Affidavit"). The March 2016 Affidavit presents mitigating evidence and a proposal for a sanction of no greater than a public censure with a condition that Respondent provide one year of full-time *pro bono* legal service.

## DISCUSSION

Rule 1.5(b)(5) of the Local Rules of the United States District Court for the Southern District of New York authorizes the Committee on Grievances to discipline an attorney if, after notice and opportunity to respond, it is found by clear and convincing evidence that,

> [i]n connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York. In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

I.    **Respondent made two false statements to Judge Pauley and then falsely denied that he had intentionally lied.**

In the January 2015 Affidavit submitted in response to a letter of inquiry from the Committee, and the March 2015 Supplemental Affidavit, Respondent admits that he made false statements to Judge Pauley at the May 20, 2011 hearing on the motion for sanctions (the "May 2011 Hearing"). Respondent also admits that he falsely claimed that the statements to Judge Pauley at the May 2011 Hearing were inadvertent misstatements when, in fact, he was aware that the statements were false at the time he made them. Furthermore, Respondent admits that the explanations he subsequently gave for his supposed mistakes at the May 2011 Hearing were also false.

4

Specifically, at the May 2011 Hearing, Respondent stated to Judge Pauley: "My best recollection is I did not review the expert report until after Mr. Cohen [defendant's counsel] brought these issues to the attention of our firm in his initial letter to Mr. Filosa about this matter." (Transcript of May 20, 2011 Hearing on Motion to Dismiss and for Sanctions at 26.) In fact, Respondent had reviewed the expert report on September 24 when Mr. Filosa sent it to him as an attachment to an email, prior to the report being served on opposing counsel. Respondent also stated to Judge Pauley: "I was not aware [that Mr. Filosa had not disclosed plaintiff's job to defense counsel] until it was brought to our attention by [defendant's counsel]." (*Id.*) In fact, Respondent was aware that Mr. Filosa had not disclosed plaintiff's job to defendant's counsel at the time Mr. Filosa served the expert report.

In a letter to Judge Pauley following the May 20 Hearing, dated May 30, 2011 (the "May 2011 Letter"), Respondent claimed to correct and self-report his purported misstatements, but he persisted in denying that he acted intentionally and offered explanations for why he made the errors. Specifically, Respondent claimed that his incorrect statements to Judge Pauley were the result of: 1) his failure to remember his September 24, 2010 email exchange with Mr. Filosa, in which Mr. Filosa sent him the expert report; or 2) an inadvertent miscommunication on his part regarding his knowledge of the employment-related non-disclosure by Mr. Filosa. Respondent then repeated his denials and explanations to the Committee in an August 25, 2011 Declaration (the "August 2011 Declaration") and a January 6, 2012 Supplemental Declaration (the "January 2012 Supplemental Declaration"), both of which he submitted to the Committee in connection with the 2013 Disciplinary Proceeding.

In the January 2015 Affidavit, the March 2015 Supplemental Affidavit, and the March 2016 Affidavit, Respondent now admits that at the time he made the two statements to Judge

5

Pauley he knew that they were false. He thus concedes, albeit implicitly, that he lied to the Court when he took the position in the May 2011 Letter, the August 2011 Declaration, and the January 2012 Supplemental Declaration that the two false statements were, essentially, unintentional mistakes or miscommunications on his part. The explanations he provided for the misstatements were also false. In the March 2015 Supplemental Affidavit, Respondent identifies with specificity the several statements from his prior declarations that he now admits are untrue.[2]

Because Respondent knowingly made false statements to Judge Pauley at the May 2011 Hearing and in the May 2011 Letter, and to the Committee in the August 2011 Declaration and January 2012 Supplemental Declaration, the Committee finds that Respondent acted with "venal intent," as defined by the Court of Appeals for the Second Circuit. *See Kristan L. Peters v. Comm. on Grievances*, 748 F.3d 456, 461-62 (2d Cir. 2014) ("'venal intent,' . . . at least in the context of the Professional Code, merely means 'scienter, deceit, intent to mislead, or knowing failure to correct misrepresentations'" (quoting *Matter of Altomerianos*, 160 A.D.2d 96, 101 (1st Dep't 1990)). The Committee finds that there is clear and convincing evidence that Respondent violated Rules 3.3(a)(1) and 8.4(c), (d) and (h)."[3]

---

[2] Respondent identifies the following statements and explanations as false: August 2011 Declaration at ¶ 83 (second, third, fifth and sixth sentences), ¶ 84 (third, fourth, sixth and seventh sentences), ¶ 86 (second sentence); January 2012 Supplemental Declaration at ¶ 7 (second, third and fourth sentences), ¶ 8 (third, fourth and fifth sentences), ¶ 10, ¶ 11 (first and fourth sentences).

[3] Rule 3.3(a)(1) provides that "a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Rule 8.4 provides that "a lawyer or law firm shall not . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice; . . . (h) engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer."

II.     **Respondent made false statements to the Court and the Committee when he denied that it was his intention to withhold the fact of plaintiff's job offer from his adversaries in *Fryer*.**

In the January 2015 Affidavit, the March 2015 Supplemental Affidavit, and the March 2016 Affidavit, Respondent admits that he intentionally misled the Committee when he took the position in the August 2011 Declaration and January 2012 Supplemental Declaration that there had been no intention on his part to ever withhold the status of plaintiff's job offer and employment status from his adversaries in the *Fryer* action. Respondent admits to making similar false statements to Judge Pauley at a pre-motion conference on the issue of sanctions on January 14, 2011.

Respondent now concedes that he had discussed and agreed with Mr. Filosa not to immediately advise their adversaries of plaintiff's job offer and her decision to accept the job offer, but instead to undertake settlement negotiations and leverage the false expert report with the objective of resolving the case prior to their adversaries learning of plaintiff's job offer. In the March 2015 Supplemental Affidavit, Respondent identifies with specificity the several false statements he made on this point in his August 2011 Declaration and January 2012 Supplemental Declaration.[4]

Thus, the Committee finds that it has been established by clear and convincing evidence that Respondent, acting with venal intent, *see Peters*, 748 F.3d at 461-62, violated Rules 3.3(a)(1) and 8.4(c), (d) and (h) when he made false statements intended to mislead Judge Pauley

---

[4] Respondent identifies the following statements and explanations as false: August 2011 Declaration at ¶ 46 (last sentence), ¶ 66 (third sentence), and ¶ 75 (fourth sentence); January 2012 Supplemental Declaration at ¶ 13 (last sentence), ¶ 14 (last sentence, specifically), ¶ 15 (first, second and fourth sentences), ¶ 23, ¶ 25, ¶ 28 (second sentence), ¶ 29 (specifically, part 1 of the second sentence ["I . . . never instructed Mr. Filosa to, and we never discussed, concealing evidence from OMD and its counsel . . ."]).

7

and the Committee into believing that he had no intention to withhold information regarding plaintiff's job offer and/or use the expert report in an attempt to quickly settle the *Fryer* case.

**III.    Respondent made false statements to the Committee when he denied that he engaged in any knowing, deliberate or intentional misconduct or false statements in connection with *Fryer*.**

In attempting to argue why his conduct did not violate the New York Rules of Professional Conduct. Respondent made general argumentative statements in his January 2012 Supplemental Declaration to the effect that he did not engage in any knowing, deliberate, or intentional misconduct or false statements in connection with the *Fryer* case. See January 2012 Supplemental Declaration at • 30 (last sentence). ¶ 35. ¶ 38 (second sentence). ¶ 39 (third sentence). In the January 2015 and March 2015 Affidavits. Respondent admits that those statements were not true.

Thus, the Committee finds that it has been established by clear and convincing evidence that Respondent, acting with venal intent. *see Peters*. 748 F.3d at 461-62, violated Rules 3.3(a)(1) and 8.4(c), (d) and (h) when he made false statements intended to mislead the Committee into believing that he did not engage in any knowing, deliberate or intentional misconduct or false statements in connection with the *Fryer* case.

## CONCLUSION

The Committee on Grievances. having carefully considered Respondent's submissions in response to the December 2. 2014 and February 13. 2015 Letters and the February 19. 2016 order to show cause and statement of charges that were issued in this matter. finds that Respondent has raised no issues requiring a hearing. *See* S.D.N.Y. Local Civil Rule 1.5(d)(4). On the basis of the record and Respondent's own admissions. the Committee finds that Respondent acted in violation of Rules 3.3(a)(1) (knowingly made false statements of fact to a

tribunal): 8.4(c) (engaged in conduct involving dishonesty, fraud, deceit or misrepresentation): 8.4(d) (engaged in conduct prejudicial to the administration of justice) and 8.4(h) (engaged in conduct that reflects adversely on his fitness to practice law). In determining the measure of discipline to be imposed upon Respondent, the Committee has taken into account, as mitigating circumstances, Respondent's twenty years of service to the Bar, his candor with the First Department Disciplinary Committee, his expressions of remorse, and the serious impact that his misconduct has already had on his legal career and his personal life. *See* ABA, *Standards for Imposing Lawyer Sanctions* § 9.32 (1986, amended 1992). However, there are several aggravating factors present here as well, including Respondent's prior disciplinary record, his dishonest and selfish motive, his corruption of Mr. Filosa—a junior associate working under his direct supervision who was also suspended from the practice of law in connection with his conduct in the *Fryer* matter and his bad faith obstruction of the 2013 Disciplinary Proceeding.[5] Indeed, the work of the Committee would be seriously undermined if lawyers believed themselves free to submit false declarations in conjunction with inquiries by the Committee. *See id.* at § 9.22. Such conduct requires significant discipline, both as a just punishment for grievous misconduct and to deter future acts of a similar nature.

Taking into consideration all of the circumstances indicated by the record, it is the Committee's opinion that suspension from the practice of law in this Court for a period of one year would be an appropriate and suitable discipline to be imposed upon Respondent. Accordingly, pursuant to S.D.N.Y. Local Civil Rule 1.5(b)(5) and (c)(1), it is hereby

---

[5] It bears noting that Mr. Filosa's prior assertion to the Committee that Respondent knew and approved of his conduct in the *Fryer* matter was directly and as it turns out, falsely contradicted by Respondent, thereby making it difficult at the time for the Committee to assess the relative culpability of Mr. Filosa, a junior associate, and Respondent, a name partner at the firm who was directly supervising Mr. Filosa in the matter. Although the Committee ultimately imposed the same sanction on both Mr. Filosa and Respondent, it is highly likely that the Committee would have meted out a harsher sanction on Respondent had it been aware of his actual knowledge and intent at the time of the 2013 Disciplinary Proceeding.

**ORDERED** that Respondent be suspended from the practice of law in the Southern District of New York for a period of one year, effective immediately, with leave to apply for reinstatement at the expiration of that term. It is further **ORDERED** that Respondent shall return forthwith to the Office of the District Executive any Attorney Service Pass issued by this Court to him. In accordance with Local Civil Rule 1.5(h)(3), Respondent is **ORDERED** to deliver a copy of this Order to the clerk of each federal, state or territorial court, agency and tribunal to which he is admitted to practice. Respondent is further **ORDERED** to deliver a copy of this Order to the clerk of each federal, state or territorial court, agency and tribunal to which he applies for reinstatement or admission to practice, simultaneously with his application. The Clerk of Court is hereby directed to unseal the entire record of this matter.

Dated: September 12, 2016
      New York, New York

Richard J. Sullivan
*Chair* Pro Tempore, *Committee on Grievances of
the United States District Court for the
Southern District of New York*

Law Offices Of Michael S. Ross
60 East 42nd Street
Forty-Seventh Floor
New York, New York 10165

**BY FIRST CLASS MAIL**
Hon. Douglas C. Palmer
Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 12 2016 ★

BROOKLYN OFFICE

30383

$1.36
US POSTAGE
FIRST-CLASS
FROM 10165
OCT 05 2016
stamps
.com

0625000556687137